# SUPREME COURT OF THE UNITED STATES

## CALIFORNIA BUILDING INDUSTRY ASSOCIATION *v.* CITY OF SAN JOSE, CALIFORNIA, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF CALIFORNIA

No. 15–330.　Decided February 29, 2016

The petition for writ of certiorari is denied.

JUSTICE THOMAS, concurring in the denial of certiorari.

This case implicates an important and unsettled issue under the Takings Clause. The city of San Jose, California, enacted a housing ordinance that compels all developers of new residential development projects with 20 or more units to reserve a minimum of 15 percent of for-sale units for low-income buyers. See San Jose Municipal Ordinance No. 28689, §§5.08.250(A), 5.08.400(A)(a) (2010). Those units, moreover, must be sold to these buyers at an "affordable housing cost"—a below-market price that cannot exceed 30 percent of these buyers' median income. §§5.08.105, 5.08.400(A)(a); see Cal. Health & Safety Code Ann. §§50052.5(b)(1)–(4) (West 2014). The ordinance requires these restrictions to remain in effect for 45 years. San Jose Municipal Ordinance No. 28689, §5.08.600(B); Cal. Health & Safety Code Ann. §33413(C). Petitioner, the California Building Industry Association, sued to enjoin the ordinance. A California state trial court enjoined the ordinance, but the Court of Appeal reversed, and the Supreme Court of California affirmed that decision. 61 Cal. 4th 435, 351 P. 3d 974 (2015).

Our precedents in *Nollan* v. *California Coastal Comm'n*, 483 U. S. 825 (1987), and *Dolan* v. *City of Tigard*, 512 U. S. 374 (1994), would have governed San Jose's actions had it imposed those conditions through administrative action. In those cases, which both involved challenges to administrative conditions on land use, we recognized that

governments "may not condition the approval of a land-use permit on the owner's relinquishment of a portion of his property unless there is a 'nexus' and 'rough proportionality' between the government's demand and the effects of the proposed land use." *Koontz* v. *St. Johns River Water Management Dist.*, 570 U. S. ___, ___ (2013) (slip op., at 1) (describing *Nollan/Dolan* framework).

For at least two decades, however, lower courts have divided over whether the *Nollan/Dolan* test applies in cases where the alleged taking arises from a legislatively imposed condition rather than an administrative one. See *Parking Assn. of Georgia, Inc.* v. *Atlanta,* 515 U. S. 1116, 1117 (1995) (THOMAS, J., dissenting from denial of certiorari). That division shows no signs of abating. The decision below, for example, reiterated the California Supreme Court's position that a legislative land-use measure is not a taking and survives a constitutional challenge so long as the measure bears "a reasonable relationship to the public welfare." 61 Cal. 4th, at 456–459, and n. 11, 351 P. 3d, at 987–990, n. 11; compare *ibid.* with, *e.g., Home Builders Assn. of Dayton and Miami Valley* v. *Beavercreek*, 89 Ohio St. 3d 121, 128, 729 N. E. 2d 349, 356 (2000) (applying the *Nollan/Dolan* test to legislative exaction).

I continue to doubt that "the existence of a taking should turn on the type of governmental entity responsible for the taking." *Parking Assn. of Georgia, supra,* at 1117–1118. Until we decide this issue, property owners and local governments are left uncertain about what legal standard governs legislative ordinances and whether cities can legislatively impose exactions that would not pass muster if done administratively. These factors present compelling reasons for resolving this conflict at the earliest practicable opportunity.

Yet this case does not present an opportunity to resolve the conflict. The City raises threshold questions about the timeliness of the petition for certiorari that might preclude

THOMAS, J., concurring

us from reaching the Takings Clause question. Moreover, petitioner disclaimed any reliance on *Nollan* and *Dolan* in the proceedings below. Nor did the California Supreme Court's decision rest on the distinction (if any) between takings effectuated through administrative versus legislative action. See 61 Cal. 4th, at 461–462, 351 P. 3d, at 991–992. Given these considerations, I concur in the Court's denial of certiorari.